# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **LONNIE RUSSELL SHAW,**<br><br>*Plaintiff,*<br><br>v.<br><br>**PEACH COUNTY,** a county government of the State of Georgia; **BRANDON WILLIAMS,** in his individual capacity as a Deputy of Peach County Sheriff's Department; **JAMES PERRY**, in his individual capacity as a Deputy of Peach County Sheriff's Department; **Sheriff TERRY W. DEESE,** individually and in his official capacity as Sheriff of the Peach County Sheriff's Department; and **Major KENNY M. CAMERON**, individually and in his official capacity as Deputy of the Peach County Sheriff's Department**,**<br><br>*Defendants.* | **CIVIL ACTION NO.**<br>**5:21-cv-00145-TES** |

## ORDER

Before the Court is Plaintiff's Motion for Leave to Amend Complaint [Doc. 17]. When filing this Motion, Plaintiff also attached a proposed Amended Complaint, which the Court reviewed in its entirety. *See* [Doc. 17-1]. During this review[1], the Court

---

[1] The Eleventh Circuit Court of Appeals has specifically instructed district courts to dismiss shotgun pleadings, even when the parties to the case do not move to strike the pleadings. *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357 (11th Cir. 2018) ("[W]e have condemned shotgun pleadings time and again, and this is why we have repeatedly held that a District Court retains the authority to dismiss a shotgun pleading on that basis alone.").

reached the conclusion that Plaintiff submitted an impermissible shotgun pleading as his proposed Amended Complaint. Accordingly, while the Court **GRANTS** Plaintiff's Motion for Leave to Amend Complaint [Doc. 17], it also **ORDERS**[2] Plaintiff to re-submit an amended complaint that cures those deficiencies detailed below within 14 days from the entry of this Order. Consequently, the Court **TERMINATES** Defendant's Motion to Dismiss [Doc. 13] **as moot.**

## DISCUSSION

A plaintiff must draft a complaint that complies with the pleading requirements established by the Federal Rules of Civil Procedure. For purposes of this Order, the Court reviewed the sufficiency of Plaintiff's proposed Amended Complaint as it pertains to Rules 8(a)(2) and Rule 10(b). Pursuant to Rule 8(a)(2), a plaintiff should provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). And, under Rule 10(b), a plaintiff should draft his complaint to "state [his] claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Furthermore, "if doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count." Fed. R. Civ. P. 10(b).

---

[2] "The appropriate remedy when shotgun pleading occurs is for the court to require plaintiffs to re-plead their claims." *Prop Solutions, Ltd. v. GOPD, LLC*, No. 1:16-cv-1224-SCJ, 2018 WL 11222157, at *1 (N.D. Ga. Mar. 8, 2018) (citing *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001)).

2

Read together, Rules 8(a)(2) and 10(b) serve an important purpose during the initial stages of litigation. Such rules force a plaintiff to "present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading[.]" *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015) (internal citation omitted). These rules also allow the courts to "determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted[.]" *Id.* (internal citation omitted).

Given the importance of these pleading requirements, "[c]omplaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'" *Id.* "Courts in the Eleventh Circuit have little tolerance for shotgun pleadings." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018). "The most common type [of shotgun pleading]—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Weiland*, 792 F.3d at 1321; *see also Thompson v. RelationServe Media, Inc.*, 610 F.3d 628, 650 n.22 (11th Cir. 2010) (Tjoflat, J., concurring) ("[A] typical 'shotgun pleading' . . . incorporate[s] by reference all preceding paragraphs and counts of the complaint notwithstanding that many of the facts alleged were not material to the claim, or cause of action, appearing in a count's heading.").

The Court concludes that Plaintiff's proposed Amended Complaint is a prime example of this type of shotgun pleading. Plaintiff's pleading is 44 pages long, consists of 137 paragraphs, and alleges state and federal law causes of action against various entities and individuals. *See generally* [Doc. 17-1]. Simply put, there are a lot of factual allegations for the Court to review here. And when a plaintiff fails to specify which factual allegations support which causes of action, the Court is left with the "onerous task of sifting out irrelevances to identify which facts specifically support the necessary elements of each claim." *NCR Corp. v. Pendum, LLC*, No. 1:16-cv-4114-SCJ, 2017 WL 8185864, at *1 (N.D. Ga. Nov. 16, 2017) (citing *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002)).

This is not a task that the Court should be expected to undertake. Plaintiff, as master of his complaint, has the responsibility to ensure that his complaint fully complies with the well-established pleading requirements under the Federal Rules of Civil Procedure. Here, however, the proposed Amended Complaint fails to satisfy such basic pleading requirements. First, Plaintiff styles his pleading so that each count "incorporate[s] every antecedent allegation by reference into each subsequent claim for relief[.]" *Wagner v. First Horizon Pharm. Corp.*, 464, F.3d 1273, 1279 (11th Cir. 2006); *see* [Doc. 17-1, ¶¶ 78, 90, 98, 107, 122, 126, 129, 133, 136]. For example, Plaintiff's last count is one for attorney's fees, and even there, he "re-alleges and incorporates" the preceding 135 paragraphs of his pleading into that single count. [*Id.* at ¶ 136]. It is difficult, if not

4

impossible, for the Court to determine which facts and claims *actually* support an award of attorney's fees in this action.

To remedy this pleading deficiency, Plaintiff must eliminate the unnecessary re-incorporation for each count. Then, Plaintiff must determine which factual allegations support the elements for each claim of relief against the particular Defendants alleged to have done wrong (including delineating whether certain Defendants acted in their individual or official capacity) and then plead those under the relevant count/cause of action. To be quite clear, Plaintiff cannot simply frame his counts so that each adopts the allegations of all preceding counts.

Second, Plaintiff largely fails to specify which Defendants are responsible for committing which acts. Rather, Plaintiff broadly alleges that "Defendants" engaged in various violative conduct, without first distinguishing among the multiple Defendants charged. *See e.g.*, [Doc. 17-1, ¶ 82 ("As a result of Defendants actions in depriving Lonnie Shaw of his civil rights in violation of 42 U.S.C. § 1983, Plaintiff has suffered damages as outlined in detail in this Complaint, including the pain, suffering, and wrongful shooting of Lonnie Shaw.")]; *see also* [*Id.* at ¶¶ 79–85, 87, 91–96, 108, 116, 121, 123–25, 127–28, 130–32, 134–35, 137]. The Court expects Plaintiff to review his factual allegations carefully and then specify which of the named Defendants in this action are responsible for which alleged acts or omissions. *See Weiland*, 792 F.3d at 1323. Once again, to be quite clear, the Court expects Plaintiff to re-plead his claims so that it is

possible for the named Defendants to have "adequate notice of the claims against them and the grounds upon which each claim rests." *Id.*

## CONCLUSION

While the Court **GRANTS** Plaintiff's Motion for Leave to Amend Complaint [Doc. 17], it also **ORDERS** Plaintiff to file a new amended complaint that corrects the shotgun pleading deficiencies outlined above within 14 days from the entry of this Order. Defendants will then have 21 days thereafter to file an answer or Rule 12(b)(6) motion. As a final note, Defendant's Motion to Dismiss [Doc. 13] is **TERMINATED as moot**.

**SO ORDERED**, this 18th day of June, 2021.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**
